UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOANNA ERICKSON and STEVEN
ERICKSON, husband and wife, and
THE CHURCH WITHOUT LIMITS,
INC. d/b/a/ NO LIMITS LEARNING
ACADEMY, a Florida not-for-profit
company,

    Plaintiff,

v.                                         Case No. 8:19-cv-845-T-60TGW

MANATEE COUNTY SHERIFF'S
DEPARTMENT and the MANATEE
COUNTY CHILD PROTECTIVE
SERVICES DIVISION OF THE
MANATEE COUNTY SHERIFF'S
DEPARTMENT,

    Defendant.
_____/

**ORDER ON DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT**

This matter is before the Court on "Defendants Rick Wells and Dennis Romano's Motion to Dismiss Plaintiff's Second Amended Complaint and Supporting Memorandum of Law," filed by counsel on April 11, 2019. (Doc. # 6). On May 13, 2019, Plaintiffs, through counsel, filed a response in opposition to the motion. (Doc. # 19). After reviewing the motion, response, court file, and the record, the Court finds as follows:

## FACTUAL BACKGROUND

Plaintiffs Joanna and Steven Erickson are the husband and wife pastors of The Church Without Limits, and they previously owned and operated a daycare/preschool known as No Limits Learning Academy. On or around July 6, 2017, an incident occurred at the school where a six-year old boy asked a four-year old girl to pull her pants down, and she did; the children were observed by teachers as the boy was in the process of pulling his pants down. After the incident, the Director of the Academy informed Joanna Erickson that she was resigning and had reported the incident to the authorities.

Authorities from the Department of Children and Families (DCF) and Child Protection Services (CPS) visited the Academy and gathered incident reports. On July 11, 2017, DCF wrote up the Academy for the incident. On July 18, 2017, Lisa Montera, a duly authorized CPS Investigator, went to the daycare accompanied by a Manatee County Sheriff's Department deputy and served Joanna Erickson and the Academy with a denial of access to daycare children form pursuant to section 39.302, *Florida Statutes*. As a result of this action, the Academy was immediately evacuated, and Plaintiffs allege "chaos ensued." Plaintiffs also claim that after the evacuation, the media learned of the event, which resulted in a media frenzy. The Academy remained closed until August 2, 2017, when the investigation was completed. Plaintiffs claim that Montera's actions continue to haunt the Academy, which has now permanently closed.

## **PROCEDURAL BACKGROUND**

Plaintiffs originally filed a three-count amended complaint in state court seeking damages for a violation of section 39.302(2)(a), *F.S.* (Count I), defamation (Count II), and negligent supervision (Count III).  (Doc. # 1-1).  On May 2, 2018, the county court entered an order dismissing the complaint without prejudice.  (Doc. # 1-1).  On December 21, 2018, Plaintiffs filed an amended complaint, asserting four claims for relief – a violation of section 39.302(2)(a), *F.S.* (Count I), defamation (Count II), defamation per se (Count III), and negligent supervision (Count IV).  (*Id*).  On March 15, 2019, the state court entered an order dismissing with prejudice Count I, and dismissing without prejudice Count IV.  (*Id.*).

On April 1, 2019, Plaintiffs filed their second amended complaint, asserting four claims for relief against Defendant Rick Wells, in his official capacity as Sheriff of Manatee County, Florida, and Dennis Romano, in his official capacity as Captain of the Child Protection Services of the Manatee County Sheriff's Office – defamation (Count I), defamation per se (Count II), negligent supervision (Count III), and a violation of 42 U.S.C. § 1983 (Count IV).  (*Id.*).  Subsequently, the action was timely removed by Defendants.  (Doc. # 1).  Wells and Romano filed the instant motion to dismiss on April 11, 2019.  (Doc. # 6).  On May 13, 2019, Plaintiffs filed their response in opposition to the motion to dismiss.  (Doc. # 19).

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff. *Id*. (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## **ANALYSIS**

### *Claims Against Captain Dennis Romano*

In the motion to dismiss, Wells and Romano argue that Romano should be dismissed as a legally unnecessary and redundant party as an employee of the Sheriff's Department. The Court finds that pursuant to Plaintiffs' concession, all

claims against Romano are hereby dismissed with prejudice. *See* (Doc. # 19).

## *Counts I and II*

As to Counts I and II, Wells argues that the claims should be dismissed with prejudice because Plaintiffs cannot prevail as a matter of law since the statements at issue were made by Montero in the course and scope of her official duties. In their response to the motion to dismiss, Plaintiffs indicate that Counts I and II should be considered withdrawn. (*Id.*). Accordingly, the Court dismisses Counts I and II with prejudice.

## *Count III*

In the motion to dismiss, Wells argues that Count III should be dismissed with prejudice because Plaintiffs have failed to state a claim upon which relief can be granted.[1] "Florida law recognizes a claim for negligent supervision […]." *Vaden v. Campbell*, No. 4:09CV12-RH/WCS, 2009 WL 1919474, at *2 (N.D. Fla. July 2, 2009). The Court notes that because "there is no sovereign immunity barrier to making a claim against a governmental agency for negligent retention or supervision," Wells' sovereign immunity argument is not well-founded and would not preclude Plaintiffs from plausibly stating a claim for negligent supervision. *See id.* at *4; *McIntosh v. City of Cocoa Beach*, No. 6:04-cv-517-Orl-31JGG, 2004 WL 7331405, at *5 (M.D. Fla. Nov. 23, 2004).

To sufficiently state a cause of action for negligent supervision, a plaintiff must allege: "(1) the existence of a relationship giving rise to a legal duty to

---

[1] The Court notes that it appears the motion to dismiss contains a scrivener's error where Defendant refers to this claim as "Count IV." *See* (Doc. # 6 at 12-17).

supervise; (2) negligent breach of that duty; and (3) proximate causation by virtue of the breach." *See Vaden*, 2009 WL 1919474, at *2. (citing *Albra v. City of Ft. Lauderdale*, 232 Fed. Appx. 885, at *2 (11th Cir. 2007)). "A person injured by a government actor in the course of enforcing the laws for the general protection of the public ordinarily has no claim, because the actor owes no actionable common-law duty of care to the general public." *Id.* at *3. Rather, an individual injured by a government actor only has a claim "if the government actor owes the person a special duty of care." *Id.*

Additionally, a plaintiff is required to allege facts, beyond conclusory allegations, that the defendant had actual or constructive knowledge of any violations by a specific employee. *See Santarlas v. Minner*, No: 5:15-cv-103-OC-30PRL, 2015 WL 3852981, at *5, n. 6 (M.D. Fla. Jun. 22, 2015); *Watts v. City of Hollywood, Florida*, 146 F. Supp. 3d 1254 (S.D. Fla. 2015); *Polanco v. City of Marco Island*, No. 2:10-cv-605-FtM-29DNF, 2011 WL 2848655, at *2 (M.D. Fla. July 19, 2011).

Moreover, the injury must be based on an injury resulting from a common-law tort recognized in Florida. *See, e.g.*, *Wheeler v. Blackbear Two, LLC*, No. 6:12-cv-583-Orl-37TBS, 2012 WL 3596128, at *2 (M.D. Fla. Aug. 21, 2012); *Jones v. Spherion Atl. Enter.*, LLC, No. 6:10-cv-833-Orl-31GJK, 2010 WL 11626722, at *4 (M.D. Fla. Sept. 29, 2010); *Gutman v. Quest Diagnostics Clinical Lab., Inc.*, 707 F. Supp. 2d 1327, 1331-32 (S.D. Fla. 2010); *Atmore v. City of Lake Wales*, No. 8:08-cv-2320-T-27EAJ, 2009 WL 10670908, at *3 (M.D. Fla. Dec. 1, 2009); *Hernandez v.*

*Manatee County*, No. 8:05-cv-1434-T-30EAJ, 2006 WL 8440095, at *1 (M.D. Fla. Oct. 23, 2006); *Freese v. Wuesthoff Health Sys., Inc.*, No. 6:06-cv-175-Orl-31JGG, 2006 WL 1382111, at *8 (M.D. Fla. May 19, 2006); *Scelta v. Delicatessen Support Servs., Inc.*, 57 F. Supp. 2d 1327, 1248 (M.D. Fla. 1999).

Upon review, the Court finds that Plaintiffs have failed to sufficiently allege a negligent supervision claim. Plaintiffs only allege the existence of a general duty of care and do not sufficiently allege the existence of a recognized special duty of care. Additionally, Plaintiffs have failed to allege any facts, beyond conclusory allegations, that Wells had knowledge or should have had knowledge of any prior issues with Montera. Finally, Plaintiffs have failed to allege that Montera committed a common-law tort against them. Instead, Plaintiffs only appear to allege that Montera violated Florida statutes and the internal policies and procedures of the Sheriff's Department. Consequently, Count III is dismissed without prejudice. Plaintiffs may amend their complaint in order to state a proper cause of action based on negligent supervision within the amount of time prescribed, if they may do so in good faith.

***Count IV***

In the motion to dismiss, Wells contends that Plaintiffs have failed to sufficiently plead a § 1983 claim, citing to *Monell v. New York City Dept of Social Servs.*, 436 U.S. 658 (1978). Under *Monell*, "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief . . . pursuant to a governmental 'custom' even though such a custom has not received formal

approval through the body's official decisionmaking channels." *Id. at* 690. Municipalities can only be held liable, however, where "action pursuant to official municipal policy of some nature caused a constitutional tort;" it cannot be liable under § 1983 on a *respondeat superior* theory because it employs a tortfeasor. *Id*. "Supervisor liability arises only 'when the supervisor personally participates in the allege constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation.'" *Gross v. Jones*, No. 3:18-cv-594-J-39PDB, 2018 WL 2416236, at *4 (M.D. Fla. May 29, 2018) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007)). Consequently, "to impose § 1983 liability on a local government body, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the entity had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *Scott v. Miami-Dade County*, No. 13-CIV-23013-GAYLES, 2016 WL 9446132, at *3 (S.D. Fla. Dec. 13, 2016).

To demonstrate a policy or custom, "it is generally necessary to show a persistent and wide-spread practice; random acts or isolated incidents are insufficient." *Id*. at *4. The requisite causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation omitted). "Alternatively, the causal connection may be established when a supervisor's custom or policy results in

deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew the subordinates would act unlawfully and failed to stop them from doing so. *Id.* (internal quotation and citation omitted). Significantly, "the Eleventh Circuit has repeatedly held that without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train or supervise." *Scott*, 2016 WL 9446132, at *4.

Reading the second amended complaint in a light most favorable to Plaintiffs, it appears they allege that their constitutional due process rights were violated by Montera when she wrongfully forced the evacuation and shutdown of the Academy. In their response in opposition to the motion to dismiss, Plaintiffs attempt to clarify that the constitutional right at issue is a property interest in their business. However, within the four-corners of the second amended complaint, Plaintiffs do not sufficiently allege the violation of a constitutional right where they only mention the "bad press" that "continues to haunt the academy," along with the resulting "emotional damage, physical distress, embarrassment, humiliation, and shame." Accordingly, the Court finds that the allegations of the second amended complaint do not sufficiently allege a constitutional violation that would support a §1983 claim.

Additionally, the Court finds that Plaintiffs do not sufficiently allege that the constitutional violation was caused by the customs, policies, or procedures of the Manatee County Sheriff's Department. It appears that Plaintiffs allege that the

custom or policy at issue is the inadequate supervision of Wells' employee Lisa Montera when she wrongfully served a physically altered section 39.302 document on Plaintiffs and forced the evacuation and shutdown of the Academy. However, Plaintiffs only recount their own alleged incident and offer no other facts that would support an inference that the Sheriff's Department had an official policy or widespread custom that caused Plaintiffs' injuries. *See Campbell v. City of Jacksonville*, No. 3:17-cv-914-J-34JRK, 2018 WL 1463352, at *16 (M.D. Fla. Mar. 23, 2018) (dismissing § 1983 claim after concluding that the plaintiff failed to identify any actual policies of the defendant, and in describing only the single incident, failed to offer any facts supporting the existence of a widespread custom); *Cooper v. City of Starke, Fla.* No. 3:10-CV-280-J-34MCR, 2011 WL 1100142, at *8 (M.D. Fla. Mar. 23, 2011) (dismissing §1983 claim after concluding that "boilerplate and conclusory allegations of municipal policy or practice – devoid of factual development – are insufficient to state a § 1983 claim" where the plaintiffs failed to identify any actual policies or decision makers and failed to offer any facts to support the existence of a widespread custom, and instead only described the single incident involving plaintiffs); *Reyes v. City of Miami Beach*, No. 07-22680-CIV, 2007 WL 419906, at *6 (S.D. Fla. Nov. 26, 2007) (acknowledging that although it is generally true that there is no heightened pleading standard for §1983 claims against municipalities, plaintiffs still must offer factual allegations that the municipality had an official policy or widespread custom that was directly responsible for their injuries in order to raise a claim above the speculative level).

Plaintiffs attempt to extrapolate a municipal policy, custom, and practice out of a single incident of alleged misconduct.  However, a custom "cannot be derived from a single incident of wrongdoing." *Campbell*, 2018 WL 1463352, at *15.  The Supreme Court, in dictum, has acknowledged the possibility that a need to train or supervise "could be so obvious that a [municipality] could be held liable even without a pattern of prior constitutional violations." *Id.* (citing to *Gold v. City of Miami*, 151 F.3d 1346, 1352 (11th Cir. 1998)).  However, Plaintiffs' allegations here – that the Sheriff's Department had a policy and procedures pertaining to child protection investigations that Montera failed to comply with – are "insufficient to fall within the narrow exception arguably left open in *City of Canton* for cases involving only a single incident of misconduct." *See id*.

Although Plaintiffs are not required to plead their § 1983 claim with heightened particularity, they are required to plead sufficient facts that show they are entitled to relief.  Plaintiffs have failed to do so here.  Consequently, Count IV is dismissed without prejudice.  Plaintiffs may amend their complaint in order to state a proper cause of action under § 1983 within the amount of time prescribed, if they may do so in good faith.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED**:

1. Counts I and II of Plaintiffs' second amended complaint are hereby **DISMISSED WITH PREJUDICE** pursuant to Plaintiffs' voluntary withdrawal of these claims.

2. All claims against Defendant Dennis Romano are hereby **DISMISSED WITH PREJUDICE** pursuant to Plaintiffs' voluntary withdrawal of these claims.

3. Counts III and IV of Plaintiffs' second amended complaint are hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiffs may amend their complaint within 10 days of the date of this Order, if they may do so in good faith.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 22nd day of August, 2019.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**