UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOANNA ERICKSON and STEVEN
ERICKSON, husband and wife, and
THE CHURCH WITHOUT LIMITS,
INC. d/b/a/ NO LIMITS LEARNING
ACADEMY, a Florida not-for-profit
company,

    Plaintiffs,

v.                                            Case No. 8:19-cv-845-T-60TGW

MANATEE COUNTY SHERIFF'S
DEPARTMENT and the MANATEE
COUNTY CHILD PROTECTIVE
SERVICES DIVISION OF THE
MANATEE COUNTY SHERIFF'S
DEPARTMENT,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

This matter is before the Court on "Defendant Rick Wells' Motion to Dismiss Plaintiff's Third Amended Complaint and Supporting Memorandum of Law," filed by counsel on October 2, 2019. (Doc. # 31). On November 11, 2019, Plaintiffs, through counsel, filed a response in opposition to the motion. (Doc. # 37). After reviewing the motion, response, court file, and the record, the Court finds as follows:

# FACTUAL BACKGROUND

Plaintiffs Steven and Joanna Erickson are the husband and wife pastors of The Church Without Limits, who previously owned and operated a daycare/preschool known as No Limits Learning Academy. On or around July 6, 2017, an incident occurred at the school where a six-year-old boy asked a four-year-old girl to pull her pants down, and she did (the children were observed by teachers as the boy was in the process of pulling his pants down). After the incident, the Director of the Academy informed Joanna Erickson that she had reported the incident to the authorities and was resigning.

Authorities from the Department of Children and Families ("DCF") and Child Protection Services ("CPS") visited the Academy and gathered incident reports. On July 11, 2017, DCF cited the Academy for the incident. On July 18, 2017, Lisa Montera, a duly authorized CPS Investigator, went to the daycare accompanied by a Manatee County Sheriff's Department deputy and served Joanna Erickson and the Academy with a "Denial of Access to Daycare" form pursuant to section 39.302, *Florida Statutes*. As a result of this action, the Academy was immediately evacuated, and Plaintiffs allege "chaos ensued." Plaintiffs also claim that after the evacuation, the media learned of the event, which resulted in a media frenzy. The Academy remained closed until August 2, 2017, when the investigation was completed. Plaintiffs claim that Montera's actions continue to haunt the Academy, which has now permanently closed.

## PROCEDURAL BACKGROUND

Plaintiffs originally filed a three-count complaint in state court seeking damages for a violation of § 39.302(2)(a), *F.S.* (Count I), defamation (Count II), and negligent supervision (Count III).  On May 2, 2018, the state court entered an order dismissing the complaint without prejudice.  On December 21, 2018, Plaintiffs filed an amended complaint, asserting four claims for relief – a violation of section 39.302(2)(a), *F.S.* (Count I), defamation (Count II), defamation per se (Count III), and negligent supervision (Count IV).  On March 15, 2019, the state court entered an order dismissing with prejudice Count I, and dismissing without prejudice Count IV.

On April 1, 2019, Plaintiffs filed their second amended complaint, asserting four claims for relief against Defendant Rick Wells, in his official capacity as Sheriff of Manatee County, Florida, and Dennis Romano, in his official capacity as Captain of the Child Protection Services of the Manatee County Sheriff's Office – defamation (Count I), defamation per se (Count II), negligent supervision (Count III), and a violation of 42 U.S.C. § 1983 (Count IV).  Subsequently, the action was timely removed by Defendants.  In a detailed opinion outlining the deficiencies of the second amended complaint, this Court dismissed Counts I and II with prejudice, all claims against Defendant Dennis Romano with prejudice, and Counts III and IV without prejudice.

Plaintiffs filed their third amended complaint on September 24, 2019, re-asserting the prior complaint's remaining causes of action – violation of § 1983 (Count I) and negligent training and supervision (Count II).  (Doc. # 30).  Sheriff

Wells filed the instant motion to dismiss on October 2, 2019. (Doc. # 31). On November 11, 2019, Plaintiffs filed their response in opposition to the motion to dismiss. (Doc. # 37).

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff. *Id*. (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). A district court should grant the plaintiff one opportunity to amend its complaint before dismissing the case with prejudice, when a more carefully drafted complaint might state a claim. *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 929 (11th Cir. 2016). However, after

a court provides a plaintiff with instructions concerning deficiencies and the plaintiff squanders that opportunity, the court is under no duty to give the plaintiff a second bite at the apple, especially when the plaintiff is represented by counsel. *See id.* ("We have never required district courts to grant counseled plaintiffs more than one opportunity to amend a deficient complaint, nor have we concluded that dismissal with prejudice is inappropriate where a counseled plaintiff has failed to cure a deficient pleading after having been offered ample opportunity to do so.").

## ANALYSIS

In its August 22, 2019, Order Granting Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint, this Court specifically identified numerous deficiencies that Plaintiffs needed to cure to state a valid claim. (Doc. # 26). Sheriff Wells argues that Plaintiffs again failed to state a claim upon which relief can be granted. The Court agrees.

### Negligent Supervision and Training (Count II)

To sufficiently state a cause of action for negligent supervision, a plaintiff must allege: "(1) the existence of a relationship giving rise to a legal duty to supervise; (2) negligent breach of that duty; and (3) proximate causation by virtue of the breach." *See Vaden v. Campbell*, No. 4:09CV12-RH/WCS, 2009 WL 1919474, at *2. (N.D. Fla. July 2, 2009) (citing *Albra v. City of Ft. Lauderdale*, 232 F. App'x. 885, at *2 (11th Cir. 2007)).

The Court previously dismissed this claim because Plaintiffs failed to sufficiently allege that (1) the Sheriff or Montera owed them a special duty of care, (2) the Sheriff had any actual or constructive knowledge of any prior issues with

Montera, and (3) that Montera committed a common law tort against them. Upon review, the Court finds that Plaintiffs have yet again failed to sufficiently allege a negligent supervision or training claim.

First, Plaintiffs' latest amended complaint is devoid of allegations recognizing a special duty of care that the Sheriff or Montera owed the Plaintiffs. Second, Plaintiffs have again failed to allege that the Sheriff had actual or constructive knowledge of any prior issues with Montera. Plaintiffs merely state that Manatee County Sheriff's Office was on notice of numerous similar prior incidents of Child Protective Investigators failing to comply with DCF's written policies and procedures, and were therefore on notice of their failure to implement policies and procedures and the need to train and supervise investigators, without providing any facts to support those allegations. Vague references to similar incidents are not enough. Plaintiffs must specifically identify facts demonstrating that the Sheriff had notice of a need to train or supervise. *Cooper v. City of Starke, Fla.*, No. 3:10-CV-280-J-34MCR, 2011 WL 1100142, at *6 (M.D. Fla. Mar. 23, 2011). Third, Plaintiffs still do not allege that Montera committed a common-law tort against them.

Consequently, because Plaintiffs have had the opportunity to remedy their complaint and have failed to do so, the Court dismisses Count II with prejudice.

### Violation of § 1983 (Count I)

In the motion to dismiss, Sheriff Wells contends that Plaintiffs have again failed to sufficiently plead a § 1983 claim, citing to *Monell v. New York City Dept of Social Servs.*, 436 U.S. 658 (1978). Under *Monell*, "[l]ocal governing bodies . . . can

be sued directly under § 1983 for monetary, declaratory, or injunctive relief . . . pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id. at* 690. "[T]o impose § 1983 liability on a local government body, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the entity had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *Scott v. Miami-Dade County*, No. 13-CIV-23013-GAYLES, 2016 WL 9446132, at *3 (S.D. Fla. Dec. 13, 2016).

The Court previously dismissed this claim after finding that Plaintiffs failed to sufficiently allege a policy or custom of the Sheriff that caused a violation of a constitutional right. Plaintiffs have failed to cure this deficiency. In their third amended complaint, Plaintiffs make only vague references to policies and procedures that the MCSO established that were indifferent to constitutional rights, rather than identifying any *actual* policies or setting forth facts to support the existence of a widespread custom. This falls short of established pleading requirements. *See Cooper v. City of Starke, Fla.*, No. 3:10-CV-280-J-34MCR, 2011 WL 1100142, at *8 (M.D. Fla. Mar. 23, 2011) (affirming dismissal of a complaint where plaintiffs' description of a single incident of force insufficient to establish the existence of a widespread custom). Additionally, Plaintiffs merely allege that "MCSO was at all times material aware that confrontations and/or encounters between Child Protective Investigators and citizens within their jurisdiction, including Joanna Erickson and Steven Erickson, carried the substantial potential for violating those citizens' constitutional rights," without providing any factual

support for the allegations that other confrontations or encounters occurred. Plaintiffs must allege more than the specific occurrence of their own incident or allege facts to support their allegation that the incident is not isolated; vague and conclusory allegations will not support a claim under § 1983. *Hall v. Smith*, 170 F. App'x 105, 107 (11th Cir. 2006) (finding dismissal proper when plaintiff alleged no factual support for his conclusory statement that the city had a policy or custom of grossly inadequate supervision and training of its employees); *Cannon v. Macon County*, 1 F.3d 1558, 1565 (11th Cir. 1993) (affirming dismissal of amended complaint where plaintiff failed to allege any facts to indicate the violation of her constitutional rights was a result of a custom, policy, or practice of the county); *Reyes v. City of Miami Beach*, No. 07-22680-CIV, 2007 WL 4199606, at *5 (S.D. Fla. Nov. 26, 2007) (complaining that a plaintiff alleging a § 1983 violation cannot only include the boilerplate words "official custom, course and policy" and must allege more than their own incident to adequately state a claim for relief). Consequently, because Plaintiffs have had the opportunity to remedy their claim and have failed to do so, Count I is dismissed with prejudice.

Since Plaintiffs have failed to sufficiently allege that the Sheriff's Office had a custom or policy that constituted deliberate indifference to a constitutional right, the Court need not address the issue of whether Plaintiffs sufficiently pled that their constitutional rights were violated.

## **CONCLUSION**

Since filing the initial complaint, Plaintiffs have been granted multiple opportunities to cure specifically identified deficiencies to no avail. Although

Plaintiffs are not required to plead their § 1983 claim with heightened particularity, they are required to plead sufficient facts that show they are entitled to relief. Plaintiffs have failed to do so here. Therefore, Counts I and II are dismissed with prejudice.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant Rick Wells' Motion to Dismiss Plaintiff's Third Amended Complaint and Supporting Memorandum of Law," (Doc. #31) is hereby **GRANTED**.

2. Counts I and II of Plaintiffs' third amended complaint are hereby **DISMISSED WITH PREJUDICE**.

3. The Clerk of Court is directed to terminate any pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 9th day of December, 2019.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**